

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Marvin Hall, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Attention: Mr. Girard Kinney

Opinion No. O-1010
Re: Should deputy attorneys-in-fact of
Lawyers Lloyds of Texas be licensed
by the Insurance Department as in-
surance agents?

Your request for an opinion on the above
stated question has been received by this office.

We quote from your letter as follows:

"The Lawyers Lloyds of Texas, a gener-
al surety and fidelity bond business, and
similar Lloyds organizations operating under
Chapter 19, Title 78, R.C.S., appoint attor-
neys-in-fact, as prescribed by law, and also
a great number of deputy attorneys-in-fact,
who have all the powers and authority as such
attorneys-in-fact except to receive service
of citation. Such deputy attorneys-in-fact
are operating and soliciting insurance in
substantially the same way as are insurance
agents of stock fire insurance companies,
in fact competing with such stock fire in-
surance company agents, without being sub-
ject to the regulatory provisions of the
agent's license law. (See Art. 5056, and
also Art. 5062a, Sec. 13 (e), R.C.S.). Said
deputy attorneys-in-fact are being paid com-
missions on a similar basis as insurance
agents are paid.

"We have had numerous complaints because such deputy attorneys-in-fact are allowed to operate, solicit, and sell insurance without being subject to the same regulations and requirements as prescribed by law for other insurance agents; but, because of the provisions contained in Art. 5062a, Sec. 12 (e), R.C.S., this Department has not in the past required said deputy attorneys-in-fact to be licensed as insurance agents. Since they are now performing substantially the same duties as insurance agents (See Art. 5056, R.C.S.) we submit the question to you as to whether they should be licensed by this Department as insurance agents."

Article 5062a, R.C.S., reads, in part, as follows:

Sec. 1. "Insurance agents, as that term is defined in the laws of the State, shall for the purpose of this Act be divided into two classes; Local Recording Agents and Solicitors.

Sec. 2. "By the term 'Local Recording Agent' is meant a person or firm engaged in soliciting and writing insurance, being authorized by an Insurance Company or Insurance Carrier, including Fidelity and Surety Companies, to solicit business and to write, sign, execute and deliver policies of insurance, and to bind companies on insurance risks, and who maintain an office and a record of such business and the transactions which are involved, who collect premiums on such business and otherwise perform the customary duties of a Local Recording Agent representing an Insurance Carrier in its relation with the public.

"By the term 'Solicitor' is meant a

person officing with, and engaged in, solic-
iting insurance on behalf of a Local Record-
ing Agent, who does not sign and execute
policies of insurance, and who does not
maintain company records of such transactions.
This shall not be construed to make a Solic-
tor of a Local Recording Agent who places
business of a class which the rules of the
company or carrier require to be placed on
application or to be written in a superviso-
ry office.

Sec. 3. "When any person or firm shall
desire to engage in business as a Local Re-
cording Agent for an Insurance Company or
Insurance Carrier, he shall make application
for a license to the Board of Insurance Com-
missioners, in such form as the Board may
require, and such license may be issued by
said Board in the form prepared by it when
he shall be found of good character and good
reputation. The Board is authorized to is-
sue licenses to firms or to individuals
engaging as partners in the insuranceebusi-
ness provided the names of all persons in-
terested in such firm are named in the license,
and provided, further, that all licensed
agents must be residents of Texas. Provided,
that a person who may reside in a town through
which the State line may run and whose resi-
dence is in the town in the adjoining State
may be licensed, if he has during the last
preceding two years been licensed by the
State, and if his business office has been
and is being maintained in this State. The
Board shall not issue a license to a corpor-
ation.

Sec. 4. "No person shall be permitted
to act as a Local Recording Agent or Solic-
itor in procuring business for any Insurance
Company, corporation, inter-insurance exchange,
Mutual, Reciprocal, Association, Lloyds or

Hon. Marvin Hall, Page 4

other Insurance Carrier, until he shall have procured the license provided for herein.

Sec. 5. "No license shall be granted to any person or firm, either as Local Recording Agent or Solicitor, for the purpose of writing any form of insurance, unless such person or firm is writing or soliciting, or intends to write or solicit insurance from the public generally. Nothing herein contained shall prohibit his insuring his own property or properties in which he has an interest; but it is the intent of this Section to preserve to each citizen the right to choose his own Agent or Insurance Carrier, and to prohibit the licensing of an individual or firm to engage in the insurance business principally to handle business which he controls only through ownership, mortgage, or sale. The term 'principally' as herein used, shall mean seventy-five per cent (75%).

* * *

Sec. 12. "No provision of this Act shall apply to the Life Insurance business of the Life Department of the companies engaged therein, nor shall it apply to any of the following, namely:

* * *

"(e) The Attorney-in-Fact for any Lloyds."

Article 5023, Revised Civil Statutes, reads as follows:

"Except as herein provided no other insurance law of this State shall apply to insurance on the Lloyd's plan unless it is specifically so provided in such other law that the same shall be applicable."

Article 5056 of the Revised Civil Statutes

Hon. Marvin Hall, Page 5

provides, in effect, that any person who solicits insurance on behalf of any insurance company is an agent of the company.

Article 5055, Revised Civil Statutes, reads as follows:

"It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State or out of it, without first procuring a certificate of authority from the Commissioner."

Articles 5014, 5015 and 5016 read as follows:

"Art. 5014. 'Attorneys' defined
Policies of insurance may be executed by an attorney in fact or other representative, hereby designated 'attorney' authorized by and acting for such underwriters under powers of attorney. The principal office of such attorney shall be maintained at such place as may be designated by the underwriters in their articles of agreement."

"Art. 5015. Application for license
The attorney shall file with the Commissioner a verified application for license setting forth and accompanied by:
(a) The name of the attorney and the title under which the business is to be conducted, which title shall contain the name Lloyd's and shall not be so similar to any name or title in use in this State as to be likely to confuse or deceive.
(b) The location of the principal office.
(c) The kinds of insurance to be effected, which kinds of insurance may be as follows:
1. Fire Insurance, which term shall be construed to include tornado, hail, crop and floater insurance.

2. Automobile insurance, which term shall be construed to include fire, theft, transportation, property damage, collision, liability and tornado insurance.

3. Liability insurance.

4. Marine insurance.

5. Accident and health insurance.

6. Burglary and plate glass insurance.

7. Fidelity and surety bonds insurance.

8. Any other kinds of insurance, not above specified, the making of which is not otherwise unlawful in this State, except life insurance.

(d) A copy of each form of policy or contract by which such insurance is to be effected.

(e) A copy of the form of power of attorney by virtue of which the attorney is to act for and bind the several underwriters and a copy of the articles of agreement entered into between the underwriters themselves and the attorney.

(f) The names and addresses of all underwriters, whose number shall not be less than ten.

(g) A financial statement showing in detail the assets and liabilities accumulated and incurred and the income and disbursements received and made by the attorney for the underwriters.

(h) An instrument executed by each and all of the underwriters specially empowering the attorney to accept service of process for each underwriter in any action on any policy or contract of insurance, and an instrument from the attorney to such Commissioner delegating the attorney's powers in this respect to such Commissioner."

"Art. 5016. License
Upon compliance with the requirements of this chapter and upon a showing of assets as provided in the succeeding article, the Commissioner shall, upon payment of a fee

of ten dollars, issue a license to any attorney applying therefor specifying the kind or kinds of insurance which he is authorized to make and containing the name of the attorney, the location of his principal office, and the title under which such business is to be conducted. Such license shall continue in force until surrendered by the attorney or revoked or suspended by the Commissioner as authorized by this chapter."

The last three articles, above quoted, define an attorney-in-fact under Lloyd's Plan, sets forth the requirements of an application for license and authorize the issuance of a license upon compliance with the requirements of chapter nineteen, Title 78, R.C.S.

The deputy attorneys in fact, mentioned in your letter, have the duties and do the work of Local Recording Agents and Solicitors, who are required to be licensed under section 4 of article 5062a, supra. There are no statutory provisions exempting such deputy attorneys in fact.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that the deputy attorneys in fact of Lawyers Lloyds of Texas are required to be licensed by the Insurance Department of Texas as insurance agents.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:omb

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

APPROVED JUN 27, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS